UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No: 1:11-CR-1 |
| v. ) | |
| ) | |
| JUAN ANTONIO HERNANDEZ ) | Chief Judge Curtis L. Collier |
| ) | |

**MEMORANDUM**

Before the Court is Defendant Juan Antonio Hernandez's ("Defendant") motion to reopen sentencing or alter or amend the judgment (Court File No. 161). The Government did not file a response to Defendant's motion. Defendant subsequently filed a motion to extend time for self-reporting to the Bureau of Prisons (Court File No. 162). After carefully considering Defendant's arguments and the controlling law, the Court will **DENY** Defendant's motion to reopen sentencing or alter or amend the judgment (Court File No. 161) and **DENY** Defendant's motion to extend time for self-reporting to the Bureau of Prisons (Court File No. 162).

**I.      MODIFICATION OF SENTENCE**

Defendant was sentenced on September 22, 2011, for conspiring to produce false documents in violation of 18 U.S.C. § 1028(f). Defendant was sentenced to a term of imprisonment of twelve months. He is currently on bond and is scheduled to self-report on October 24, 2011, at 2:00 p.m. On October 4, 2011, Defendant filed a motion to reopen his sentence, or in the alternative, alter or amend his judgment (Court File No. 161).  Defendant seeks a modification of his sentence that would enable him to serve his time through probation or some other alternative sentencing arrangement in light of his family's needs. Specifically, Defendant avers his wife suffers from

several serious medical conditions and no one else in the Chattanooga area is available to assist her.

A sentencing court generally cannot modify a sentence of imprisonment except under limited circumstances. 18 U.S.C. § 3582(c). Defendant's request for a modified sentence is controlled by 18 U.S.C. § 3582(c)(1)(B), which provides the sentencing court may only "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35") allows a sentencing court to (1) correct Defendant's sentence within fourteen days after sentencing with regard to "an arithmetical, technical, or other clear error," or (2) reduce Defendant's sentence within one year of sentencing upon the government's motion that Defendant has provided substantial assistance post-sentencing. Fed. R. Crim. P. 35. However, as explained in the Rule 35 advisory committee notes:

> [Rule 35] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence . . . [or] to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

*Id.*; *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (internal quotation marks omitted). Especially with regard to Rule 35(a), unless the error is "an obvious error or mistake," it is outside the narrow scope of this rule. *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006).

This Court has no authority to reopen Defendant's sentence, or in the alternative, alter or amend Defendant's judgment. First, no statute explicitly permits this Court to modify Defendant's statute. Moreover, Rule 35 is not applicable to the matter at hand. As a preliminary matter, this court lacks jurisdiction under Rule 35(a) to make any modifications because the fourteen-day window in which the court had such discretion has passed. However, even if the Court had acted within this

time period, it would still lack the authority to modify Defendant's sentence under Rule 35(a). Defendant has not asserted the Court committed "arithmetical, technical, or clear error." Instead, Defendant argues he needs a modified sentence because his imprisonment would place a hardship on his wife, who suffers from several serious medical conditions, and his fourteen-year-old daughter. In particular, he requests probation or some other alternative sentencing in lieu of his term of imprisonment. Defendant's counsel also raised this issue at sentencing, and the Court considered this information, along with the advisory guidelines range and the other factors of 18 U.S.C. § 3553(a), in deciding to impose a term of imprisonment of twelve months. The Court does not now have the authority to modify an otherwise appropriate sentence under Rule 35(a), nor does the Court believe Defendant's sentence warrants modification. Finally, Rule 35(b) is not applicable because the government has not filed a motion post-sentencing regarding the substantial assistance of Defendant.[1] Hence, because the Court lacks the authority to modify Defendant's sentence, the Court **DENIES** Defendant's motion to reopen sentencing or alter or amend the judgment (Court File No. 161).

## II.    EXTENSION OF TIME FOR SELF-REPORTING

Defendant also seeks an extension of time to self-report to the Bureau of Prisons. Defendant requests that his time be delayed until the Court has ruled on his motion to reopen sentencing or alter or amend the judgment. Because the Court has now ruled on that motion, the Court **DENIES as**

---

[1] The Court can find no reason that Rule 35(b) would be applicable here. The only motion filed by the Government for substantial sentence was filed prior to sentencing pursuant to U.S.S.G. § 5K1.1. At sentencing, the Court granted the Government's motion and Defendant received a two-level downward departure for his substantial assistance.

**MOOT** Defendant's motion for an extension of time to self report. Defendant must surrender for service of his sentence by 2:00 p.m. on October 24, 2011.

## III. CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion to reopen sentencing or alter or amend the judgment (Court File No. 161), and **DENIES** Defendant's motion to extend time for self reporting to the Bureau of Prisons (Court File No. 162).

    An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**